FILED

**NOT FOR PUBLICATION**

JAN 26 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30467 |
| Plaintiff - Appellee, | D.C. No. 6:07-CR-60033-MRH |
| v. | |
| MATTHEW HARWAY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, Presiding

Submitted January 11, 2010[**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Matthew Harway appeals from the 151-month sentence imposed following

his guilty-plea conviction for possession with intent to distribute 50 grams of

heroin, in violation of 21 U.S.C § 841(a)(1), and (b)(1)(C).  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

AK/Research

pursuant to 28 U.S.C. § 1291, and we affirm.

Harway contends that the government's sentencing recommendation constituted a breach of the plea agreement, thereby entitling him to specific performance of the plea agreement. The government's recommendation for a sentence at the low-end of the applicable advisory Guidelines range following application of the career offender adjustment did not contradict the plain language of the plea agreement. The district court did not err in concluding that there was no breach of the plea agreement. *See United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002) (holding that when construing a plea agreement, this court must determine what the defendant reasonably believed to be the terms of the plea agreement at the time of the plea).

**AFFIRMED.**